IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM LAMAR LOLLEY, #135690, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:11-CV-778-MHT |
| | ) | [WO] |
| | ) | |
| HOUSTON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, William Lamar Lolley ["Lolley"], a county inmate, complains the conditions of confinement to which he is subjected while incarcerated at the Houston County Jail are violative of his constitutional rights. Lolley also challenges the constitutionality of his confinement in the jail. Lolley seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights. *Plaintiff's Complaint - Court Doc. No. 1* at 4.

Upon review of the complaint, the court concludes that the plaintiff's claims against the Houston County Jail and Douglas Valeska and his challenges to the constitutionality of his incarceration are due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] The court granted Lolley leave to proceed *in forma pauperis* in this case. *Order of September 20, 2011 - Court Doc. No. 4*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.

## DISCUSSION

### A. The Houston County Jail

A county jail is not a legal entity subject to suit or liability under section 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Houston County Jail are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).¹ *Id*.

### B. District Attorney Douglas Valeska

Lolley appears to challenge actions undertaken by District Attorney Douglas Valeska during criminal proceedings before the Circuit Court of Houston County, Alabama. It is clear from the complaint that the claims made against defendant Valeska emanate from this defendant's representation of the State during criminal proceedings before the Circuit Court of Houston County, Alabama.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir.

---

¹ 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

Any actions of defendant Valeska would have been undertaken by this defendant in his role "as an 'advocate' for the state" and such actions "are intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendant Valeska is therefore "entitled to absolute immunity for that conduct." *Id.* Thus, Lolley's request for monetary damages against Douglas Valesaka lacks an arguable basis and, as such, is subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327. As determined below, Lolley is likewise entitled to no relief in this cause of action with respect to those claims challenging the basis for his confinement in the Houston County Jail.

### C. Pending Criminal Charge

If Lolley is currently incarcerated on a pending criminal charge, he is entitled to no relief from this court on any challenge to this charge. Under the decision issued by the

United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Lolley has an adequate remedy at law because he may pursue any of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Specifically, Lolley can seek reconsideration of and/or appeal any adverse decision issued by the trial court. He may also attack the constitutionality of the prosecution throughout the on-going state criminal proceedings, including pre-trial motions and post-conviction proceedings. Moreover, the plaintiff has not alleged the existence of any special circumstance which creates a threat of irreparable harm. The mere fact Lolley must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must therefore abstain from considering the merits of any claims which relate to the constitutionality of a criminal charge presently pending against Lolley as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Consequently, summary dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.  Challenge to Conviction

If Lolley is currently incarcerated pursuant to a conviction imposed upon him by the Circuit Court of Houston County, Alabama and seeks to challenge the constitutionality of this

conviction, he may not do so in this cause of action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983...." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but

5

also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously advanced in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649; *see also Castro v. United States*, 540 U.S. 375, 382 (2003) (disfavoring a court's *sua sponte* re-characterization of an action as one seeking post-conviction collateral relief under 28 U.S.C. § 2255).

To the extent Lolley challenges the constitutionality of his confinement as it potentially relates to a conviction imposed upon him by the Circuit Court of Houston County, Alabama, he is entitled to no relief. A judgment in favor of Lolley on claims related to any conviction on which he is now incarcerated would necessarily imply the invalidity of his incarceration. Consequently, the instant collateral attack on the constitutionality of Lolley's confinement is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. at 488-490.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Houston County Jail be dismissed with prejudice

in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims for monetary damages against Douglas Valeska be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

3. The plaintiff's challenges to the constitutionality of his incarceration with respect to either pending or completed criminal proceedings be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

4. The Houston County Jail and Douglas Valeska be dismissed as defendants in this cause of action.

5. This case, with respect to the plaintiff's claims against Andy Hughes, Jayson Smoke and Lt. Moris regarding the conditions of confinement at the Houston County Jail, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that **on or before October 14, 2011**, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from

attacking on appeal the factual findings contained in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of September, 2011.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE