IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM LAMAR LOLLEY, #135690,  )
                                )
          Plaintiff,            )
                                )
v.                              )      CIVIL ACTION NO. 1:11-CV-778-MHT
                                )                 [WO]
                                )
HOUSTON COUNTY JAIL, et al.,    )
                                )
          Defendants.           )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by William Lamar Lolley ["Lolley"], an inmate confined at the Houston County Jail.  Attendant with his complaint, Lolley filed a motion for preliminary injunction in which he seeks issuance of an injunction requiring that the defendants provide him proper medical treatment for his heart condition and other ailments (Court Doc. No. 3).

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  This court may grant a preliminary injunction only if Lolley demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the

threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).   "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'  *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of*

*Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

### A. Relevant Information

On October 7, 2011, the defendants filed a response in which they address the allegations presented by Lolley in the motion for preliminary injunction. The evidentiary materials filed in support of this response, including an affidavit and relevant medical records, clearly demonstrate the defendants have provided Lolley appropriate medical treatment for his various health conditions. *Defendants' Exhibit 1 (Affidavit of Jason Smoak, Certified Physician's Assistant) - Court Doc. No. 16-1* at 2-6; *Defendants' Exhibit A (Medical Records of William Lamar Lolley) - Court Doc. No. 16-3* at 1-55 and *Court Doc. No. 16-3* at 1-62. Moreover, these evidentiary materials do not indicate any deliberate indifference by the defendants towards the plaintiff's medical needs; rather, these documents demonstrate the defendants routinely examine Lolley, assess his complaints, provide treatment to him in accordance with their professional judgment and refer him to free-world medical personnel for evaluation/treatment.

> The [defendants acknowledge] ... (1) the plaintiff does have a serious heart condition diagnosed as cardiomyopathy, (2) the plaintiff has complained of chest pains and (3) at one point after [a] disciplinary hearing [on a charge of manipulating jail staff] the plaintiff was placed into disciplinary segregation/lock down for thirty (30) days. All other allegations or claims made by the plaintiff [in his motion for preliminary injunction] are

completely false....

Plaintiff's medical intake documentation was completed on July 11, 2011. The plaintiff's medical records, as received from the plaintiff's cardiologist, indicate that the plaintiff has [medical] problems related to [dyslipidemia (high cholesterol and high triglycerides), non-insulin dependent type II diabetes, hypertension, tobacco abuse, coronary artery disease, ventricular tachycardia with implanted Internal Cardiac Defibulator, congestive heart failure, chronic obstructive pulmonary disease, stage III kidney disease and a gluteal cyst (fluid-filled sack) on his buttocks].

The plaintiff is currently being provided appropriate medical treatment, testing and medications related to his medical problems [as outlined in the attached extensive medical records].

Due to frequent subjective complaints of chest pain; on July 12, 2011, August 11, 2011 and August 22, 2011, I performed medical work ups with regard to the plaintiff's chest pain complaints. The result of each medical work up was that the plaintiff was suffering from chest wall pain, a/k/a costochondritis. The work up consisted of lab work on July 12, 2011, which came back normal, his vitals were taken and he was given an EKG on August 11, 2011 at which time no acute medical process was identified, then on August 22, 2011 additional labs were drawn and tested and all tests came back normal. Before being taken to the hospital on August 29, 2011, the plaintiff was also given an EKG which also revealed no acute medical process.

On or about August 29, 2011 at 11:45 p.m, I was called by the jail night shift staff about the plaintiff's claim that his ICD had gone off three (3) times during the day and that the plaintiff needed to go to the hospital. Before he was taken to the hospital, the plaintiff was verbally warned that if his ICD had not gone off as claimed and that if his claimed pain was not cardiac pain, he would be written up and disciplined for manipulating staff with false medical claims. The corrections deputy that took the plaintiff to the hospital reported that while at the hospital, the plaintiff asked for morphine for chest pain. Upon testing at the hospital, the plaintiff was found not to have had any sort of acute heart pain problem but was at best only having chest wall pain. There was no evidence that the plaintiff had any cardiac events or that his ICD had gone off three (3) times. The plaintiff was discharged to the jail with normal lab results..

Upon return to the jail the plaintiff was written up for manipulation of jail staff by his using severe medical claims for secondary gain i.e. to

4

obtain narcotic pain medication. The plaintiff was not put into lock up because of having chest pain. He was put into lock up for manipulating jail staff. The plaintiff has problems with opiate dependency. It is my understanding that the plaintiff is incarcerated in the jail for failure to appear for forging prescriptions for narcotics. The plaintiff is no longer in disciplinary segregation/lock down [as noted in his attached jail file].

.... Based on my treatment of inmate Lolley and my review of his jail medical file, he was, during the period of time made the basis of Plaintiff's motion, provided all necessary medical testing, treatment and care while in the Houston County Jail. At all times alleged in Plaintiff's motion, inmate Lolley has been given and provided adequate and necessary medical treatment and has at all times relevant thereto been provided with all medically necessary medications. While appropriate medical care and treatment was provided and offered to inmate Lolley, he has repeatedly refused medical treatment for his diabetes while in the Houston County Jail and as a result his blood sugar levels continue to be too high.

All medical evaluations and treatment provided to inmate Lolley complied with the appropriate standard of care and were provided in accordance with the standard of reasonable care, skill and diligence as other similarly situated health care providers.... In addition, inmate Lolley's treatment did not proximately cause any physical injury to inmate Lolley.

*Defendants' Exhibit 1 (Affidavit of Jason Smoak, Certified Physician's Assistant) - Court*

*Doc. No. 16-1* at 2-6.

## B. The Prerequisites

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds Lolley has not established a substantial likelihood of success on the merits of his claims. With respect to the second factor, Lolley fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction as the record before this court indicates the defendants are treating Lolley's

medical conditions in accordance with their professional judgment and applicable medical standards.  The third factor, balancing potential harm to the parties, appears to weigh more heavily in favor of the defendants because issuance of the requested injunction would have an unduly adverse affect on the ability of jail medical personnel to exercise their professional judgment in determining the appropriate course of treatment for inmates. Finally, the public interest element of the equation is a neutral factor at this juncture.  Thus, Lolley has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that **on or before October 26, 2011**, the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de

novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 12th day of October, 2011.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE