IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM LAMAR LOLLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:11-CV-778-WHA |
| ) | [WO] |
| ANDY HUGHES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

The Prison Litigation Reform Act ("PLRA") requires prisoners to completely exhaust administrative remedies before seeking relief under 42 U.S.C. § 1983. William Lamar Lolley ("Lolley"), an indigent inmate incarcerated at the Houston County Jail,[1] filed this § 1983 action on September 16, 2011.[2] Lolley appears to complain that during June 2011 he was (1) "kidnapped" by the defendants from a jail in Florida; (2) abused, beaten and injured by inmates and jailers while incarcerated in the jail; (3) denied medical and dental treatment; (4) due to the conditions of confinement at the jail, subjected to cruel and unusual punishment

---

[1] Lolley was released from the jail sometime in July 2012 and notified the court of his change in address. (Doc. # 39).

[2] Although the Clerk of this court docketed the original complaint on September 20, 2011, it appears that Lolley presented this pleading to prison officials for mailing prior to this date. A review of the document indicates that Lolley executed the complaint on September 16, 2011. (Doc. # 1 at 4). The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Lolley] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, the court considers September 16, 2011 as the date Lolley filed the original complaint.

in violation of the Eighth Amendment; (5) deprived of his First Amendment rights; and (6) denied access to the courts.[3] Lolley seeks monetary damages for the alleged violations of his constitutional rights.

The defendants filed a special report, a supplement to the report and supporting evidentiary materials addressing Lolley's claims for relief. (Doc. # 25).  Among other defenses, the defendants assert that Lolley's complaint is due to be dismissed because prior to filing this action Lolley failed to properly exhaust an administrative remedy available to him at the Houston County Jail with respect to his claims.  The defendants base their exhaustion defense on the plaintiff's failure to file grievances regarding his claims or to complete the grievance appeal process as allowed by the jail's grievance procedure.  Attached to the defendants' special report are copies of various grievance forms which Lolley did file; however, the undisputed facts show that Lolley did not complete the appeal process for any adverse grievance determination.  The court provided Lolley an opportunity to file a response to the defendants' reports in which he was advised to "specifically address the defendants' assertion[] that . . . [h]is claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) . . . prior to filing this federal civil action."  (Doc. # 31 at 1 (footnote omitted)).        In response, Lolley filed an amended complaint to which he attached forms indicating that in fact he had filed, on August 18, 2011, an appeal of a grievance decision as well as a grievance on August

---

[3] The court's statement of Lolley's claims are a distillation of his complaint and represents the court's best, succinct interpretation of his claims.

20, 1011, about dental treatment. In a supplemental response, the defendants acknowledge that in completing their initial special report they overlooked some documents relating to Lolley's grievances. But, the defendants also show nonetheless that Lolley did not complete the available appeal process with regard to any of the grievances which he did file. Thus, it remains the defendants' position that, with respect to the claims raised in this case, Lolley did not properly exhaust his available administrative remedies.

"[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'" *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008). Therefore, the court will cumulatively treat the defendants' reports as a motion to dismiss.

## II. STANDARD OF REVIEW

> We have called the question of exhaustion under the PLRA a "threshold matter" that we address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, we have no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). S, we resolve this issue first.

*Myles v. Miami-Dade County Corr. & Rehab. Dep't*, 476 Fed. Appx. 364, 366 (11th Cir. 2012)

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the

complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.'" *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373-74). "If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)." *Myles*, 476 Fed. Appx. at 366. Upon review of the undisputed facts of this case as evidenced by the amended complaint, the evidentiary materials filed by the defendants and the plaintiff's response, the court concludes that the defendants' motion to dismiss is due to be granted.

### III. DISCUSSION

The undisputed facts in this case show that, with respect to the claims raised in this case, Lolley either did not file a grievance or did not complete the appeal process available to him. The PLRA compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*,

534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Woodford v. Ngo*, 548 U.S. 81 (2006); *Alexander,* 159 F.3d at 1325. Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93 (emphasis added).

> Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage.

*Id*. at 90-91, 93. The Court reasoned that because proper exhaustion of administrative remedies is necessary, an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id*. at 83-84. *See also Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 Fed. Appx. 81, 83 (11th Cir. 2012) (per curiam).

The defendants have established without dispute that the Houston County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. (Doc. # 25-2 at 7).

> The Houston County Jail, as a part of the Inmate Rules and Regulations, provides for an inmate Grievance Procedure. The grievance procedure provides that an inmate may file only one grievance on one issue per day. The grievance procedure provides that if an inmate is dissatisfied with the initial response to the grievance, the inmate may appeal the decision to the jail commander (1st Appeal). If the inmate is dissatisfied with the jail commander's decision, the inmate may appeal to the Chief Deputy (2nd Appeal). If the inmate is dissatisfied with the Chief Deputy's decision, the inmate may appeal to the Sheriff (3rd and Final Appeal) who is the ultimate and final decision maker with regard to inmate grievances.

(Doc. # 25-1 at 1, Aff. of Commander-Jail Operations).

The record before the court demonstrates that Lolley failed to properly or completely exhaust administrative remedies available to him during his confinement in the Houston County jail prior to seeking federal relief, a precondition to proceeding in this court on his claims. While Lolley did file several grievances, he did not complete the appeal process on any of them. The one first notice of appeal that he did file (Doc. #36-1, p.11) was not directed to any specific grievance decision and no further appeal was taken as required after that was denied. In short, the court finds that Lolley did not follow the requirements of the grievance procedure concerning the claims raised in this case.

The time for utilizing the grievance procedure with respect to the claims raised by

Lolley expired prior to the filing of this case.[4] Thus, any grievances filed after he filed this case have no bearing on Lolley's proper exhaustion of the administrative remedy provided at the Houston County Jail. *Terry*, 491 Fed. Appx. at 83. Lolley has presented no circumstances which justify his failure to exhaust the jail's grievance procedure prior to filing this case.

Under these circumstances the court finds that dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1 (acknowledging that where administrative remedies are clearly time barred or otherwise infeasible inmate's failure to exhaust may "correctly result in a dismissal with prejudice."); *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Johnson*, 418 F.3d at 1157 (same); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (indicating inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available "administrative remedies have become unavailable after prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust.").

---

[4] All of the grievances which Lolley did file were filed in August 2011. The grievance procedures require that Lolley file an appeal within 24 hours of a decision. Lolley did not do that. (Doc. # 25-1 at 2-4; # 38-1 at 2-4).

## IV.  CONCLUSION

Accordingly, it is ORDERED and ADJUDGED that the defendants' motion to dismiss be GRANTED with prejudice as the plaintiff failed to properly exhaust administrative remedies available to him at the Houston County Jail and as these remedies are no longer available to him.

A separate final judgment will be entered.

DONE this 23rd day of September, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE